The other objections taken to the validity of the law are, in my opinion, untenable.

My conclusion is, that the judgment at special term is erroneous, and should be reversed.

---

## NEW-YORK COMMON PLEAS.

### PURCHASE agt. JACKSON.

An examination of ordinary questions of law, where the decisions throughout of three tribunals are uniform, ought to be *sufficient*, except in a case involving great interests, or settling a principle of law on which numerous other actions are to be decided.

*So held,* on a motion under the amended (1857) section eleven of the Code, for an appeal to the court of appeals, from a judgment of this court, in an action originating in the marine court.

*General Term, June,* 1857.

MOTION for an order allowing an appeal to the court of appeals in an action originally commenced in the marine court of the city of New-York.

JOHN W. EDMONDS & THOS. STEVENSON, *for plaintiff.*
OLCOTT & BRIGGS, *for defendant.*

INGRAHAM, First Judge.   The defendant moves for an order of the general term of this court, allowing an appeal to the court of appeals in this case.   The action was originally in the marine court, and judgment was first given for the plaintiff, which judgment was affirmed by the general term, and has been again affirmed in this court.   The defendant has had three hearings, and although by the late amendment of the Code power is given to this court to allow another appeal, yet it does not follow that such power should be exercised in all cases, even though questions of law should be involved.

An examination of ordinary questions of law, where the decisions throughout of three tribunals are uniform ought to be sufficient, except in a case involving great interests, or settling a principle of law on which numerous other actions are to be decided. No such exception exists in this case, and we see no reason for granting this motion. We are the more strengthened in these views, because we entertain no doubt of the propriety of the judgment in the court below, or its affirmance by this court.

The motion must be denied, but, as the question is **new**, without costs.

## SUPREME COURT.

### TURNER agt. HILLERLINE, PACKARD and FORD.

The plaintiff was allowed an *amendment* of the pleadings in the action by striking out the name of one of the defendants, after the cause had been brought to a hearing before the referee, and testimony taken.

The hearing was to continue before the same referee, (as no new party had been substituted,) and all the testimony taken applicable to the new state of the pleadings *to be deemed evidence in the action.* Privilege given defendant to amend his answer—plaintiff having privilege to reply.

The terms on which the amendment was allowed was, the payment by the plaintiff to defendant of $10 costs of opposing the motion, and $5 for proceedings before notice of trial; in case the defendant amended his answer, he was entitled to be indemnified for the additional expense to which he would be subjected by the amendment.

*Schenectady Special Term, May,* 1856.

MOTION to amend the pleadings by striking out the name of the defendant Ford as a party.

This was an action by plaintiff, on a demand of plaintiff and one Leavitt, for work, labor, &c., against the three defendants, who conducted business under the name of Joseph Hillerline & Co. The complaint alleged the assignment, by Leavitt, of his interest in the demand to plaintiff. The summons was