PARTRIDGE, Appellant, *v.* RUBIN, Respondent.

*(Common Pleas of New York City and County, General Term.   June 3, 1889.)*

Motion for reargument.   See *ante*, 955, *mem.*

*George Wilcox,* for appellant.   *Goodhart, Phillips & Rosenburg,* for respondent.

PER CURIAM.   We think the court on the argument of this case was misled by the memorandum made by the district judge who tried this case, in which he said the defendant had purchased the property without knowledge of the fraud of Epstein & Son.   The action was brought by the appellant to recover possession of certain personal property obtained from him through their fraud.   The return, in our judgment, clearly establishes the fraud; but, inasmuch as it also appeared on the trial that the defendant Rubin had purchased the property of Epstein & Son without the knowledge of this fraud, the justice gave judgment in her favor, although it also appeared that she had purchased the property on credit and had paid nothing for it, having been merely charged on the books of Epstein & Son with the value of the goods. This did not make her a purchaser in good faith, for a valuable consideration, as against the plaintiff.   Motion for reargument granted, provided the appellant brings-on his appeal at the additional general term in June next.

---

PEOPLE *v.* COHEN *et al.*

*(Common Pleas of New York City and County, General Term.   June 3, 1889.)*

No opinion.   Application granted.

---

PEOPLE *v.* KETTERLE *et al.*

*(Common Pleas of New York City and County, General Term.   June 3, 1889.)*

No opinion.   Application granted.

---

PEOPLE *v.* SHEPHERD *et al.*

*(Common Pleas of New York City and County, General Term.   June 3, 1889.)*

No opinion.   Application granted.

---

POWELL *v.* ANDERSON.

*(Common Pleas of New York City and County, General Term.   June 3, 1889.)*

A judgment entered for plaintiff at trial term was reversed on appeal to the general term, (4 N. Y. Supp. 706,) and plaintiff now moves for leave to appeal to the court of appeals.

*James F. Horan,* for appellant   *Gwillin & Meyers,* for respondent.

PER CURIAM.   This application does not conform to the rule for leave to go to the court of appeals.   *Taylor* v. *Arnoux,* 15 N. Y. St. Rep. 383; *Purchase* v. *Jackson,* 14 How. Pr. 230; *Butterfield* v. *Radde,* 38 N. Y. Super. Ct. 44.   Motion denied.